Sue LEVICK, Plaintiff,

v.

STEINER TRANSOCEAN LIMITED, Defendant.

No. 04–21910–CIV.

United States District Court, S.D. Florida, Miami Division.

July 13, 2005.

Mark Alexander Goldstein, Wolfe & Goldstein, Miami, FL, for Plaintiff.

Rachel Sherry Cohen, Darren Wayne Friedman, Kaye Rose & Maltzman, LLP, Miami, FL, for Defendant.

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CONSTRUED AS A MOTION FOR SUMMARY JUDGMENT

LENARD, District Judge.

**THIS CAUSE** is before the Court on Defendant Steiner Transocean Limited's Motion to Dismiss, filed on September 14, 2004. (D.E. 4.) Plaintiff filed a Response opposing the Motion on September 21, 2004. (D.E. 5.) Defendant filed a Reply on September 30, 2004. (D.E. 7.) The Court issued an Order Converting Defendant's Motion to Dismiss to a Motion for Summary Judgment on June 9, 2005. (D.E. 38.) Plaintiff filed a Response to the Court's Order on June 21, 2005. (D.E. 45.) Defendant then filed a Reply in support of summary judgment on June 30, 2005. (D.E. 49.) Having considered the Motion to Dismiss, the Response, the Reply, the Response to the Court Order, the Reply in Support of Summary Judgment and the record, the Court finds as follows.

### I. Factual Background

The Plaintiff alleges the following facts in her Complaint. Plaintiff was a passenger aboard a Carnival Cruise Line vessel

"Elation." (D.E. 1, Comp. at ¶ 7.) While aboard, the Plaintiff received a massage from an employee of the Defendant Steiner Transocean Limited (Steiner). *Id.* at ¶ 8. Defendant Steiner is the provider of spa services and skin and hair care products aboard the cruise ship "Elation." *Id.* at ¶ 3. While stepping down from the massage table, Plaintiff alleges that she slipped on oil, fell, and in falling, punctured a lung. *Id.* at ¶¶ 9–11.

## II. Parties' Arguments

In the Motion to Dismiss, Defendant Steiner argues it should receive the benefit of a shortened one-year limitations period for filing claims pursuant to the Cruise Ticket Contract between Plaintiff and Carnival Cruise Lines. (Mot. to Dismiss ¶¶ 1–3.) Defendant contends that Paragraph 1(e) of the Contract is applicable, which states that "all rights, exemptions from liability, defenses and immunities of Carnival under this Contract shall also inure to the benefit of Carnival's... affiliated or related companies... including... health, beauty staff, fitness, and other concessionaires." (Mot. to Dismiss at Attach. Contract.) Defendant asserts that Plaintiff is time barred from bringing suit as a result of her failure to file within the period allotted in the Contract. (Mot. to Dismiss ¶ 10.)

In her initial Response to Defendant's Motion to Dismiss, Plaintiff states that the one-year limitations period stated in the Contract is lawful as to Carnival Cruise Lines, pursuant to 46 U.S.C.A.App. § 183b(a). (Resp. to Mot. To Dismiss at 2.) Plaintiff then argues that a shortened limitation clause can only apply to the entities stated in the statute, specifically, managers, agents, masters and owners of vessels. *Id.* Plaintiff contends that Defen-

dant Steiner is not one of the named entities in the statute. Plaintiff asserts that Defendant Steiner is not an "agent" of Carnival, but instead is an "independent contractor" and cites to the Contract in support thereof. *Id.* at 3. Therefore, Plaintiff concludes that Defendant can not benefit from the shortened limitation period in the Contract. *Id.*

Alternatively, Plaintiff argues that the Ticket Contract is ambiguous as it pertains to Defendant and cites to *Sharpe* in support thereof. *Id.* at 4; *see also Sharpe v. West Indian Co. Ltd.,* 118 F.Supp.2d 646 (D.Virgin Islands 2000). Plaintiff contends that a liability limitations clause struck as "too broad" by the *Sharpe* court is similar to the liability limitations clause found in Paragraph 1(e) of the Carnival Cruise Line Ticket Contract. *Id.* Plaintiff argues that this Court should therefore strike Paragraph 1(e) as too broad. *Id.* In addition, Plaintiff argues that 1(e) is ambiguous as to Defendant Steiner because the drafter of the Ticket Contract chose to specifically name "masseuse" contractors in Paragraph 13(b) as an entity for which Carnival disclaims responsibility, but the drafter did not specifically mention "masseuse" contractors in Paragraph 1(e) as a beneficiary of the limitations provided in the Contract. *Id.* In light of the ambiguity, Plaintiff asserts that the one-year limitations clause is unenforceable by Defendant Steiner. *Id.*

In her Response to the Motion For Summary Judgment, Plaintiff further argues that if the one-year limitation period is enforceable by Defendant, equitable tolling is applicable. (Resp. to Order at 2–3.) Plaintiff contends that she mistakenly filed in California state court, a court of competent jurisdiction to hear this negligence claim. *Id.* at 4. She argues that because the claim was timely filed in a state court

of competent jurisdiction and then dismissed for improper venue, the limitations period should be tolled for the time that the state action was pending. *Id.* at 2–3.

### III. Standard of Review

On a motion for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The Supreme Court has explained the summary judgment standard as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The trial court's function at this juncture is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *see also Barfield v. Brierton,* 883 F.2d 923, 933 (11th Cir.1989).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions of file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. Once this initial demonstration under Rule 56(c) is made, the burden of production, not persuasion, shifts to the nonmoving party. The nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548; *see also* FED. R. CIV. P. 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). That party must demonstrate that there is a "genuine issue for trial." *Id.* at 587, 106 S.Ct. 1348. An action is void of a material issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id.*

### IV. Analysis

■ There are no material facts in dispute between the Parties relevant to the

one-year limitation period.[1] The issues before the Court on summary judgment are: first, whether the Defendant as a masseuse concessionaire may benefit from the limitation provision within the Contract; second, whether the limitation provision is too broad or ambiguous; and third, whether Plaintiff's filing in California state court equitably tolls the limitation period. The Court begins by noting that a shortened one-year limitation period in a cruise ticket contract is permissible. Under general maritime law, the statute of limitations for commencing a suit to recover damages in negligence for personal injury is "three years from the date the cause of action accrued." 46 U.S.C.A.App. § 763a. However, the law permits a cruise line, such as Carnival, to contractually shorten this general period. *Nash v. Kloster Cruise A/S,* 901 F.2d 1565, 1566(11th Cir.1990). To be lawful pursuant to 46 U.S.C.A.App. § 183b(a), a "seagoing vessel owner, manager, agent, or master" who contractually shortens the default three-year time limitation period may not impose a limit of less than one year. Additionally, a contractually shortened time limitation will be enforced by the courts only if the passenger is given reasonably adequate notice of the existence of the imposed time limit. *Nash,* 901 F.2d at 1566.

■ The Court finds that Plaintiff had reasonable and adequate notice of the instant one-year limitation period in the Cruise Ticket Contract. First, Plaintiff has not disputed that she was given reasonably adequate notice. Furthermore, on page one of the Cruise Ticket Contract, the passenger's attention is "especially directed" to particular clauses that limit the rights of guests "asserting claims against Carnival, the vessel, their agents and employees, and others."[2] (Mot. to Dismiss at Attach. Contract.) Passengers are directed to look at Paragraph 14(a), which includes the one-year time limitation period and the responsibilities of the passenger for filing a claim for personal injury, illness or death against Carnival. (Mot. to Dismiss at Attach. Contract.) Accordingly, the Carnival Cruise Line Contract Ticket contains an enforceable one-year time limitation clause.

Having found the limitations period enforceable, the Court turns to whether Defendant Steiner may benefit from the clause. Paragraph 1(e) of the Contract Ticket provides that "all rights, exemptions from liability, defenses and immunities shall also be inured to the benefit of ... independent contractors, including...health and beauty staff,...and other concessionaires." (Mot. to Dismiss at Attach. Contract.) The Plaintiff has not disputed that Defendant Steiner acted as a concessionaire on behalf of Carnival Cruise Line. (Comp. at ¶ 3.)

Instead, Plaintiff has argued that 46 U.S.C.A.App. § 183b(a) excludes Defen-

---

1. The Court Order Converting Defendant's Motion to Dismiss to a Motion for Summary Judgment provided Plaintiff an opportunity to submit any material facts relevant to the issue of the one-year limitation period. In response, Plaintiff provided one Affidavit. (Resp. To Order at Attached Decl.) Having reviewed the Affidavit, Court finds there are no material facts in dispute.

2. The Contract states in large bold font with an underlined heading IMPORTANT NOTICE TO GUESTS, and further states in all caps: THE ATTENTION OF THE GUEST IS ESPECIALLY DIRECTED TO CLAUSES 1 AND 13 THROUGH 17, WHICH CONTAIN IMPORTANT LIMITATIONS ON THE RIGHTS OF GUESTS TO ASSERT CLAIMS AGAINST CARNIVAL CRUISE LINES, THE VESSEL, THEIR AGENTS AND EMPLOYEES, AND OTHERS.

dant from benefitting from the Contract. Section 183b(a) states that, "it shall be unlawful for the manager, agent, master, or owner of any sea-going vessel... to provide by ...contract...a shorter period for giving notice of, or filing claims for loss of life or bodily injury, than six months, and for the institution of suits on such claims than one year..." Congress enacted this statute to curtail the abuse of certain entities in using contract provisions to shorten time limits. *Barrette v. Home Lines,* 168 F.Supp. 141, 143 (S.D.N.Y. 1958). Plaintiff mistakenly interprets 46 U.S.C.A.App. § 183b(a) to mean that only managers, agents, masters and owners of vessels may shorten the time for bringing suit. This statute defines as unlawful a limitation period as less than one year, but it does not speak to the issue of who has the authority to enforce a lawful shortened limitation period. Thus, Carnival Cruise Lines and its agents would be prevented by the statute from setting an unreasonably short limitation period of less than one year. In the instant case, the shortened limitation period is exactly one year and therefore lawful under the statute. Title 46 U.S.C.A.App. § 183b(a) is silent as to whether third parties such as Defendant Steiner may benefit from a lawful one-year limitation period imposed by Carnival.

Plaintiff next argues that the limitations clause contained within the Cruise Ticket Contract between Plaintiff and Carnival Cruise Lines is ambiguous as applied to Defendant Steiner. In support thereof, Plaintiff cites to *Sharpe v. West Indian Co. Ltd.,* 118 F.Supp.2d 646 (D. Virgin Islands 2000), which held a third-party liability exclusion clause to be unenforceable on the grounds that it was ambiguous and over broad. In *Sharpe,* the cruise line inserted a clause extending limitations of liability to "independent contractors, concessionaires,...as well as owners and operators of all shore side properties at which the vessel may call...together with [their] employees and servants..." *Id.* at 652. A shoreline operator sought to benefit from the clause extending liability limitation to third parties. *Id.* at 652–53. The liability limitation clause appeared to apply to the whole contract including several provisions that had no application to shoreline operators. *Id.* at 649. In finding the clause overly broad, the *Sharpe* court concluded that it was unclear which rights, exclusions, and immunities pertained to which independent contractor. *Id.* at 652–53. It was also unclear whether the limitations clause included shoreline properties that had no connection to the cruise line, other than being situated on the shoreline near where the vessel might have been docked. *Id.* at 653.

*Sharpe* is distinguishable from the present case before this Court. Page one of the Carnival Cruise Ticket Contract "especially direct[s]" passengers to look at Paragraphs 1 and 13–17, as a whole, for the limitations of guests "asserting claims for personal injury, illness or death against Carnival, the vessel, their agents and employees, and other."[3] (Mot. to Dismiss at Attach. Contract.) Unlike *Sharpe,* the liability limitations clause in Paragraph 1(e) is specifically modified by Paragraphs

---

**3.** The Contract states in large bold font with an underlined heading IMPORTANT NOTICE TO GUESTS, and further states in all caps: THE ATTENTION OF THE GUEST IS ESPECIALLY DIRECTED TO CLAUSES 1 AND 13 THROUGH 17, WHICH CONTAIN IMPORTANT LIMITATIONS ON THE RIGHTS OF GUESTS TO ASSERT CLAIMS AGAINST CARNIVAL CRUISE LINES, THE VESSEL, THEIR AGENTS AND EMPLOYEES, AND OTHERS.

13–17.[4] A passenger reading Paragraphs 1 and 13–17 is clearly notified of the types of liability exclusions and the types of entities who may benefit from the exclusions.

■ Paragraph 1(e) of the Contract Ticket states that "all rights, exemptions from liability, defenses and immunities shall also be inured to the benefit of ... independent contractors, including...health and beauty staff,...and other concessionaires." Paragraph 13 modifies Paragraph 1(e) by detailing the type of independent contractors covered by the clause, including spa and masseuse services. As Defendant Steiner operated the spa and provided services related to massage, skin, hair care and the like on board ships worldwide, as stated be Plaintiff in her Complaint, it is reasonably clear from the Contract terms that Defendant was the type of independent contractor or concessionaire referred to and covered by Paragraph 1(e).

In reaching the decision that Paragraph 1(e) applies to Defendant Steiner, the Court has considered Plaintiff's argument that the drafter chose to specifically include the term "masseuse" in Paragraph 13(a) of the Contract but not in Paragraph 1(e). Paragraph 1(e) is a general introductory clause indicating all classes of beneficiaries of the Contract, which includes independent contractors. Paragraph 13(a) provides further specifics as to who is an independent contractor of Carnival. Therefore, the Court finds it neither ambiguous nor conflicting that the Contract uses "independent contractor" in the introductory Paragraph 1(e) and "masseuse" in the subsequent explanatory Paragraph 13(a), defining independent contractor for purposes of the Contract.

■ Having found the one-year limitations period enforceable and applicable to Defendant Steiner, the Court looks to whether equitable tolling is warranted in the instant case. Equitable tolling is a remedy that federal courts have typically extended "sparingly." *Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990). Equitable relief is justified when 1) the late filing plaintiff has been mislead by defendant's misconduct into allowing the statutory period to expire, *see Glus v. Brooklyn E. Dist., Terminal,* 359 U.S. 231, 232 79 S.Ct. 760, 761 (1959); 2) the plaintiff was unaware that her rights had been violated and therefore the need to seek redress, *see McBrayer v. City of Marietta,* 967 F.2d 546, 548 (11th Cir.1992); or 3) the plaintiff actively pursued her judicial remedies but filed a defective pleading during the limitation period. timely filed in an improper forum and has exercised due diligence in all other respects in preserving his legal rights, *see Irwin,* 498 U.S. at 96, 111 S.Ct. at 457–58; *citing Burnett v. N.Y. Cent. R.R. Co.,* 380 U.S. 424, 428, 85 S.Ct. 1050, 1055, 13 L.Ed.2d 941 (1965).

Plaintiff argues that equitable tolling applies in the instant case because she timely filed in a court of competent jurisdiction, but improper forum. (Resp. at 2–3.) In support thereof, Plaintiff cites to *Burnett* and argues that she is similarly entitled to

---

4. Paragraphs 13–17 include provisions: 1) identifying the independent contractors of Carnival Cruise Lines that may benefit from the Contract's liability limitation clauses (¶ 13); 2) requiring a guest to give notice of a claim and to file a claim within a certain time period (¶ 14); 3) requiring a claim to be filed in the Southern District of Florida (¶ 15); 4) identifying liability limitations for foreign cruises operated by Carnival (¶ 16); 5) identifying liability limitations as to claims of psychological injury (¶ 17).

equitable tolling. In *Burnett,* the plaintiff filed an action under the Federal Employer's Liability Act (FELA) in an Ohio state court a few days prior to the expiration of statutory limitations period. The case was properly before the state court, but the action was dismissed for improper venue. Eight days later, the plaintiff brought the identical action in federal court. Noting that the plaintiff had pursued her claim diligently, the Supreme Court found that it was unfair to bar a FELA action, otherwise timely, on venue grounds. In deciding to grant equitable tolling, the Court specifically looked to the legislative intent of FELA and analyzed how to best carry-out that intent given the existing policies and procedures for transferring cases between state and federal court systems. In order to carry out the purposes of FELA, the Supreme Court announced a bright-line rule that the FELA statutory limitations period would be tolled for the period of the pendency of a state court action.

The instant case is distinguishable from *Burnett* in that the limitations period at issue arises out of a contract. The issues underlying *Burnett* relating to the remedial purposes of FELA and how to best carry-out those purposes are not present in the instant case. Instead, this Court finds that caselaw looking at equitable tolling in the context of contractual limitations period is applicable. *See e.g., Bailey v. Carnival Cruise Lines,* 774 F.2d 1577 (11th Cir.1985)(*modified on other grounds by Offshore Logistics v. Tallentire,* 477

U.S. 207, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986)). In *Bailey,* the plaintiff's claims were subject to a one year contractual limitations period found in a cruise ticket contract. The plaintiff filed her claim in Florida state court one day short of the limitations period. The state court subsequently dismissed the claim without prejudice for lack of subject matter jurisdiction. The plaintiff appealed and only after the state appeals court affirmed the dismissal did the plaintiff file her claim in federal court. The Eleventh Circuit found that equitable tolling was not warranted. The Eleventh Circuit noted that the plaintiff chose to pursue her claim solely in the state court and appellate system, without preserving her claim by filing in federal court.

█ Similarly, in the instant action, Plaintiff chose to pursue her claim solely in the California state court system,[5] without preserving her claim by filing in federal court. Plaintiff became aware that a shortened one-year limitation period might apply to Defendant Steiner, at the latest in January of 2004, approximately six months before the expiration of the limitation period. (Resp. To Order at Attached Decl. ¶ 6.) Defendant's Motion to Dismiss for improper venue was granted on February 17, 2004. Plaintiff had at least four months remaining to file her claim in the proper federal district court. *Id.* at ¶ 12. Plaintiff instead chose to solely advance her claim in the California state court by moving to vacate the dismissal. Plaintiff advanced her claim in the state court without preserving her legal rights in the fed-

---

**5.** Plaintiff Levick argues that her decision to pursue her claim in state court is unlike the plaintiff's decision in *Bailey.* (Resp. at 4.) In support thereof, Levick argues that a state court would have concurrent jurisdiction over her claim, whereas in *Bailey* the plaintiff pursued her DOHSA claim in state court, although DOHSA claims were subject to exclu-

sive federal jurisdiction at that time. The Court finds this argument unpersuasive as Plaintiff, pursuant to the forum selection clause in the Carnival Cruise Ticket Contract, agreed to litigate her claim exclusively in the Southern District of Florida, so long as it had subject matter jurisdiction.

eral court. *See Bailey,* 774 F.2d at 1580. The Court finds that the interests of justice side with the Defendant, because Plaintiff did not file her action in a timely fashion in this Court, despite knowing or being in a position reasonably to know that the limitations period was running and that she had filed in an improper venue. Furthermore, the Court finds that Plaintiff has not shown that an inequitable event prevented her from timely filing in the federal court. Accordingly, Plaintiff is not entitled to equitable relief from the one-year limitations provision in the Cruise Ticket Contract.

It is hereby

**ORDERED AND ADJUDGED** that

1. Defendant's Motion to Dismiss (D.E. 4), filed September 19, 2004, construed as a Motion for Summary Judgment, is **GRANTED.**

2. **THIS CASE IS CLOSED.**

3. All pending motions are **DENIED AS MOOT.**