[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 1, 2008
THOMAS K. KAHN
CLERK

No. 07-10689

_____

D. C. Docket No. 05-23341 CV-PCH

VICTOR M. BOOTH, as Personal Representative of
the Estate of Steve M. Booth, Deceased,

Plaintiff-Appellee,

versus

CARNIVAL CORPORATION,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 1, 2008)**

Before ANDERSON and BARKETT, Circuit Judges, and TRAGER,* District
Judge.

ANDERSON, Circuit Judge:

_____

* Honorable David G. Trager, United States District Judge for the Eastern District of New
York, sitting by designation.

Defendant-Appellant Carnival Corporation ("Carnival") appeals the denial of its motion to dismiss. Carnival argues that the district court should have dismissed the instant wrongful death suit because the suit was filed after the expiration of a one-year contractual limitation period. The district court, however, in a particularly well-reasoned order, held that the limitation period was subject to equitable tolling during the pendency of the plaintiff's parallel suit in a state court of competent jurisdiction. In reaching its conclusion, the district court emphasized that although the state court eventually dismissed the state case for improper venue, the state court had concurrent subject matter jurisdiction over the wrongful death claim.

Notwithstanding its ultimate decision to reject Carnival's motion to dismiss, the district court noted an absence of directly controlling Supreme Court and Eleventh Circuit precedent and acknowledged that whether equitable tolling is appropriate under the circumstances of this case presents a close question. Accordingly, the district court certified this interlocutory appeal. With the understanding that "[t]he question of whether equitable tolling applies is a legal one subject to de novo review," Cabello v. Fernandez-Larios, 402 F.3d 1148, 1153 (11th Cir. 2005), we now affirm the district court's ruling.

I. BACKGROUND

The parties do not dispute the relevant facts. This wrongful death action stems from a fatal scuba diving accident that occurred on July 20, 2004, in the territorial waters of the U.S. Virgin Islands. The decedent, Steve Booth ("Steve" or "the decedent"), was a Carnival cruise ship passenger at the time of the accident, and he embarked on the ill-fated scuba excursion with the assistance of Carnival and Carnival's agent, a Virgin Islands scuba instruction company.

The decedent's cruise ticket from Carnival contains several provisions that govern his estate's right to sue the company. According to the ticket, Steve's estate must give Carnival written notice of any claim within 185 days of his injury or death. In addition, the ticket establishes a one-year limitation period within which any suit must be commenced. Finally, the ticket contains a forum selection clause, which specifies that the District Court for the Southern District of Florida shall serve as the appropriate venue, assuming that this federal district court has subject matter jurisdiction. In situations where the District Court for the Southern District of Florida lacks subject matter jurisdiction, the ticket identifies the state courts in Miami-Dade County, Florida, as the appropriate alternative forum.

After timely giving Carnival written notice, Plaintiff-Appellee Victor Booth ("Booth"), as representative of Steve's estate, filed a wrongful death action in the

state courts of Miami-Dade County[1] on July 5, 2005, sixteen days before the running of the contractual limitation period. On December 29, 2005, while the state case was pending but after the contractual limitation period had run, Booth filed a second identical action against Carnival in federal district court. The federal court administratively closed the federal action pending the outcome of the state litigation. Back in state court, Carnival moved, in an amended answer, to dismiss the state suit for improper venue based on the ticket's federal forum selection clause. Although the state trial court denied Carnival's motion to dismiss, holding that Carnival had waived its venue defense, Carnival appealed to the state appellate court and eventually won a dismissal of the state action on venue grounds. The federal suit was then reopened, and Carnival sought a dismissal on limitation grounds. The district court, however, denied Carnival's motion to dismiss, ruling that the contractual limitation period was subject to equitable tolling, and this interlocutory appeal followed.

## II. DISCUSSION

Because the state court possessed subject matter jurisdiction over Booth's

---

[1] Importantly, the district court implicitly found that this state court had subject matter jurisdiction over the claim although venue was ultimately improper, and Carnival has not argued otherwise on appeal.

4

claim, and because the state court dismissed the claim merely on grounds of improper venue, we hold that Booth's filing and diligent prosecution of his state-court suit suffices to equitably toll the contractual limitation period in his identical federal suit. At the outset, we acknowledge that "[t]he burden is on the plaintiff to show that equitable tolling is warranted." Justice v. United States, 6 F.3d 1474, 1479 (11th Cir. 1993). Although "[t]he Supreme Court has made clear that tolling is an extraordinary remedy which should be extended only sparingly," courts may equitably toll statutes of limitation when an inequitable event prevented a plaintiff's timely action. Id. For instance, tolling may be appropriate when a plaintiff "timely files a technically defective pleading and in all other respects acts with 'the proper diligence . . . which . . . statutes of limitation were intended to insure.' " Id. (quoting Burnett v. N.Y. Cent. R.R. Co., 380 U.S. 424, 430, 85 S. Ct. 1050, 1056 (1965)).

Two cases in particular, one from the Supreme Court and one from the Eleventh Circuit, inform our analysis in this case.[2] Although both cases are distinguishable from the instant case, they nonetheless frame the issue with which

_____

[2] The parties assume without argument that federal law governs the issue of whether equitable tolling is appropriate in the instant case. Therefore, without expressing an opinion about whether we believe this assumption is correct, we will proceed to analyze the relevant federal law.

we are faced. In the first case, Burnett v. New York Central Railroad Co., the Supreme Court held that "when a plaintiff begins a timely FELA[3] action in a state court having jurisdiction, . . . and plaintiff's case is dismissed for improper venue, the FELA limitation is tolled during the pendency of the state suit." 380 U.S. at 434-35, 85 S. Ct. at 1058. The plaintiff in Burnett had filed his claim in an Ohio state court despite the fact that the claim could not properly lie in any Ohio county under Ohio's venue provisions. Id. at 424-25, 429 n.6, 85 S. Ct. at 1052-53, 1055 n.6. Eight days after his state case was dismissed for improper venue, and after the statute of limitation had run, the Burnett plaintiff filed an identical suit in federal court. Id. at 425, 85 S. Ct. at 1053. In deciding whether the technically deficient state filing could suffice to toll FELA's statutory limitation period, the Court examined the legislative intent behind FELA, acknowledging that "[t]he basic question to be answered in determining whether, under a given set of facts, a statute of limitations is to be tolled, is one 'of legislative intent whether the right shall be enforceable . . . after the prescribed time.' " Id. at 426, 85 S. Ct. at 1053. But, the Court did not limit its analysis to a FELA-specific inquiry;[4] rather, the

---

[3] Federal Employers' Liability Act, 45 U.S.C. § 51 et seq.

[4] Carnival argues otherwise, claiming that Burnett's analysis was FELA-specific and therefore sheds no light on this lawsuit. For support, Carnival cites a case out of the Southern District of Florida, Levick v. Steiner Transocean Ltd., 377 F. Supp. 2d 1251 (S.D. Fla. 2005), which held that tolling was not warranted when a plaintiff filed in a state court that had

6

Court articulated several general principles that supported equitable tolling under the circumstances. For instance, the Court noted that "[b]oth federal and state jurisdictions have recognized the unfairness of barring a plaintiff's action solely because a prior timely action is dismissed for improper venue after the applicable statute of limitations has run." Id. at 430-32 & nn.8-9, 85 S. Ct. at 1055-57 & nn.8-9 (noting the prevalence of transfer-of-venue statutes and "saving" statutes). Later in its opinion, the Court again pointed out that "both Congress and the States have made clear, through various procedural statutes, their desire to prevent timely actions brought in courts with improper venue from being time-barred merely because the limitation period expired while the action was in the improper court." Id. at 434, 85 S. Ct. at 1058. Furthermore, after emphasizing that "[s]tatutes of limitation are primarily designed to assure fairness to defendants . . . by preventing surprises through the revival of claims that have been allowed to slumber until

jurisdiction but that constituted an improper venue, 377 F. Supp 2d at 1253-54, 1257-58. The Levick court's reasoning, however, is questionable to the extent that it distinguished Burnett by noting the difference between contractual and statutory limitation periods when, as noted infra, the Eleventh Circuit had expressly rejected this distinction in Bailey v. Carnival Cruise Lines, Inc., 774 F.2d 1577, 1579 n.3 (11th Cir. 1985). Furthermore, the Levick court, after drawing this dubious distinction, proceeded to rely on Bailey rather than Burnett without even considering that the Bailey court refused to apply equitable tolling only under circumstances where the plaintiff had improperly filed in a state court that was *without competent jurisdiction*. See Levick, 377 F. Supp. 2d at 1258-59. Contrary to the Levick court and Carnival's arguments, we conclude that Burnett's reasoning extends beyond the FELA context and sheds important light on the instant case.

evidence has been lost, memories have faded, and witnesses have disappeared," the Supreme Court pointed out that the Burnett plaintiff "did not sleep on his rights but brought an action within the statutory period in the state court of competent jurisdiction." Id. at 428-29, 85 S. Ct. at 1054-55 (internal quotation marks omitted). The Court noted that because venue objections can be waived (and often are), a plaintiff may fail to file in federal court "not because he was disinterested, but solely because he felt that his state action was sufficient." Id. at 429, 85 S. Ct. at 1055. For these reasons, the Court ruled that the Burnett defendant "could not have relied upon the policy of repose embodied in the limitation statute, for it was aware that [the plaintiff] was actively pursuing his FELA remedy; in fact, [the defendant] appeared specially in the Ohio court to file a motion for dismissal on grounds of improper venue." Id. at 429-30, 85 S. Ct. at 1055.

In the second pertinent case, Bailey v. Carnival Cruise Lines, Inc., our circuit held that the filing of a suit under the Death on the High Seas Act ("DOHSA"), 46 U.S.C. § 761 et seq., in state court will not toll the running of a contractual time bar. 774 F.2d 1577, 1581 (11th Cir. 1985). The Bailey court expressly refused to rely on the fact that the limitation period arose under a contract, as opposed to a statutory limitation period, noting that "[t]here is 'no essential difference between contractural [sic] and statutory limitations.'" Id. at 1579 n.3 (quoting Kornberg v.

Carnival Cruise Lines, Inc., 741 F.2d 1332, 1337 (11th Cir. 1984)). Instead, the Bailey court distinguished Burnett on other grounds, explaining that "Burnett is not controlling in Mrs. Bailey's case because the underlying statutory provisions are quite different;" that is, "the FELA expressly create[s] concurrent federal/state court jurisdiction, . . . [but] DOHSA creates an exclusively federal cause of action." Id. at 1581. After distinguishing Burnett, the Bailey court relied instead on a case out of the former Fifth Circuit, United States v. Maryland Casualty Co., 573 F.2d 245 (5th Cir. 1978), which also involved a cause of action within the exclusive jurisdiction of the federal courts. Where the improperly filed state action was in a state court *without* jurisdiction, the Bailey court held "that federal claims improperly filed in state courts are [not] free from the risk of time bar." Bailey, 774 F.2d at 1581; see also id. at 1579-80. Later Eleventh Circuit decisions, applying other statutes' limitation periods, have made clear that "filing in a court *without competent jurisdiction* d[oes] not toll the statute of limitations." Hairston v. Travelers Cas. & Sur. Co., 232 F.3d 1348, 1353 (11th Cir. 2000) (emphasis added); see also Jackson v. Astrue, 506 F.3d 1349, 1358 (11th Cir. 2007).

We decline to limit Burnett to FELA cases, because Burnett's reasoning, when combined with Bailey's reasoning, leads us to conclude that equitable tolling is appropriate in the instant case. Our conclusion does not conflict with Bailey,

9

which merely applied our circuit's well-settled principle that filing in a court *without competent jurisdiction* does not toll the statute of limitation. Unlike the plaintiff in <u>Bailey</u>, Booth initially timely filed suit in a state court of competent jurisdiction. Despite the state courts' eventual ruling that venue was improper, which ruling resulted in dismissal, Booth in no way slept on his claims against Carnival. Even though Booth filed the instant federal suit after the contractual limitation period had run, Carnival was aware within the limitation period that Booth was actively pursuing his cause of action. The underlying policy of repose, reflected in the agreed-upon limitation period, and designed to assure fairness to Carnival, is not violated by equitable tolling in this case. To the contrary, the interests of justice are best served here, as in <u>Burnett</u>, by allowing the parties to resolve Booth's claims on the merits.

In reaching our conclusion, we reject Carnival's suggestion that Booth's attorney's filing in an improper venue constitutes the type of "mere negligence" for which equitable tolling is inappropriate. Carnival bases its argument on the Supreme Court's holding that "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." <u>Irwin v. Dep't of Veterans Affairs</u>, 489 U.S. 89, 96, 111 S. Ct. 453, 458 (1990). In <u>Irwin</u>, the plaintiff failed to file an employment discrimination complaint in time "because his

10

lawyer was absent from his office at the time that the EEOC notice was received."

Id. Even though the plaintiff subsequently filed within thirty days after he personally received notice, his attorney's simple neglect could not justify equitably tolling the applicable limitation period. Id. In finding equitable tolling inappropriate, however, the Irwin Court expressly contrasted that situation with Burnett, where equitable tolling was appropriate because the "plaintiff timely filed [his] complaint in [the] wrong court." Id. at 96 n.3, 111 S. Ct. at 458 n.3. Although Booth's attorney should have been aware of the cruise ticket's forum selection clause and of case law deeming such clauses enforceable, he was no more neglectful than the attorney in Burnett who filed in Ohio despite the state's venue provisions, which established that venue could not properly lie in any Ohio county. Like the Burnett plaintiff, Booth was entitled to believe that his state filing might be sufficient given the fact that defendants can, and often do, waive their defense of improper venue.

Finally, we agree with the district court's conclusion that Booth pursued his claim with proper diligence. Carnival first raised its venue defense in an amended pleading on September 14, 2005, and Booth filed his federal suit on December 29, 2005, despite Booth's reasonable (though eventually erroneous) belief that Carnival had waived this defense. As noted above, Booth in no way slept on his

11

claim, and Carnival was on notice within the limitation period of the wrongful death suit.  Because Booth filed his wrongful death claim in a state court that possessed subject matter jurisdiction concurrently with the federal courts, and because the state suit was dismissed solely on grounds of improper venue, and because Booth diligently pursued his claim, we hold that the federal district court properly equitably tolled the parallel federal action during the pendency of the state suit.

Accordingly, the judgment of the district court is

AFFIRMED.