**Ray RACCA, Plaintiff,**

v.

**CELEBRITY CRUISES, INC., and Royal Caribbean Cruises, Ltd., Defendants.**

Case No. 08–21135–CIV.

United States District Court, S.D. Florida.

March 24, 2009.

Ray Racca, pro se.

Amanda Lesley Jacobs, Albuquerque, NM, Paul Joseph Hehir, Royal Caribbean Cruises, Ltd., Miami, FL, for Defendants.

### ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

WILLIAM M. HOEVELER, Senior District Judge.

This Cause comes before the Court upon the Defendants' Motion to Dismiss and/or for Final Summary Judgment, filed May 21, 2008. Plaintiff filed a response in opposition. The Court held a hearing on March 20, 2009, and orally granted Mark

Rubal *pro hac vice* status to appear telephonically on Plaintiff's behalf for that hearing. For the reasons stated below, the Court has determined that Defendant's motion should be granted.

### ANALYSIS

Plaintiff was injured on April 30, 2006 when he fell in the hallway while a passenger on one of Defendants'[1] vessels. Affidavit of Ray Racca, ¶ 6.[2] This action was filed in this court on April 22, 2008, and Defendant was served on May 1, 2008, approximately two years after the alleged injury occurred. Defendant argues that Plaintiff's action must be dismissed because it was filed more than one year after the date of Plaintiff's alleged injury, in violation of the terms of Plaintiff's ticket contract.

■ According to Plaintiff's passenger ticket contract with Defendant:

"No suit shall be maintainable ... for any claim ... of personal injury ... unless written notice of the claim, with full particulars, shall be delivered ... within six (6) months from the day the cause of action occurred, and in no event shall any such suit ... be maintainable unless such suit shall be commenced (filed) within one (1) year from the day when the cause of action occurred...."

Ticket, ¶ 12(B); Dkt. No. 9. The ticket was referenced in the Complaint, see ¶¶ 15–18,

1. Defendants have claimed that Royal Caribbean Cruises, Ltd., is an improper defendant. Plaintiff implicitly argues that Royal Caribbean is related to the Celebrity Cruises corporation as a parent, and in a brief Plaintiff provides a citation to a website describing Royal Caribbean Cruises, Ltd., as "operating" the Celebrity Cruises brand. In the Complaint, however, Plaintiff does not identify any basis for liability for Royal Caribbean. Moreover, in light of the Court's determination that this action is time-barred, any such limitation inevitably would apply similarly to a parent company.

2. Plaintiff was seen by the cruise ship's medical personnel two days after the accident, and was diagnosed with a bruised knee. Cruise ship personnel, including a Guest Relations Officer, met with Plaintiff, at his request, to discuss the fall and to perform repair of the hole underlying the carpet which Plaintiff claimed had caused his fall.

20, but not attached to the Complaint. Defendant provided a sample of the ticket as an exhibit to its motion, and Plaintiff offered a copy of his specific ticket contract with his response in opposition to Defendant's motion. A document attached to a motion to dismiss may be considered without converting the motion into a motion for summary judgment if that document is central to the claim and its authenticity is undisputed. *Horsley v. Feldt,* 304 F.3d 1125, 1134 (11th Cir.2002) (citations omitted). Clearly, the passenger ticket contract is central to Plaintiff's claim, and the authenticity is not disputed by Plaintiff; under these circumstances, the Court may consider the ticket and its provisions in deciding the motion to dismiss. In any event, Defendant also has moved for summary judgment, and the Court has determined that summary judgment is appropriate.

■ Plaintiff admits that he received the ticket prior to the cruise, but claims that the ticket is approximately 100 pages in length.[3] The Court notes, however, that the ticket contract is only three (3) pages within the entire "Guest Vacation Brochure" Plaintiff received prior to the cruise. Indeed, the warning that the ticket contract "contains important limitations on the rights of passengers" appears on the face of the Guest Vacation Brochure received by Plaintiff, and an index to the Brochure appears on page 1. noting that the ticket contract can be found on page 67 of the Brochure.

Plaintiff also complains that Defendant's employees did nothing to assist Plaintiff in discovering the limitations period, and that "[a]fter" he left the ship "four or five" calls

to a telephone number provided to Plaintiff while on the cruise (by the Chief Concierge, Flavio Gioia) were unreturned. Affidavit, ¶ 11. (Plaintiff does not indicate how long after he left the ship these calls were made.) Plaintiff claims that approximately one month after the accident, he found out he had a cracked bone at the bottom of his knee, and required two surgeries—one in July 2006 and the other in December 2006. Plaintiff apparently did not contact an attorney regarding any alleged responsibility on Defendant's part until nearly one year later, in July 2007. According to Plaintiff, "[t]he first time I had any idea that the ticket may contain legal language was after my attorney asked me to look for the ticket in July of 2007." Affidavit, ¶ 13.

■ Equitable tolling of a limitations period such as the one contained in Plaintiff's contract with Defendant is permissible under certain limited circumstances, e.g., when there is evidence that a party has diligently pursued a claim. The burden is on the plaintiff, however, to show that equitable tolling is warranted. *Booth v. Carnival Corporation,* 522 F.3d 1148, 1150 (11th Cir.2008). *citing Justice v. United States,* 6 F.3d 1474, 1479 (11th Cir.1993). In the present case, despite all of his complaints about Defendant and the ticket contract, Plaintiff does not dispute that he received the ticket contract and that the unambiguous limitations language is contained therein. Plaintiff apparently had an attorney as early as July 2007, but still waited until April 2008 to file this action. Plaintiff's surgeries occurred within months of the accident in 2006, but there is no record that Plaintiff provided

---

**3.** Plaintiff claims to have never signed the ticket contract, but neglects to note that the signature is not a part of the contract but rather part of the "Charge Account" portion of the materials he received, i.e., relating to an onboard credit account offered to Plaintiff.

Defendant with written notice of his claim at any time prior to the filing of this lawsuit. Based upon the above, the Court finds that Plaintiff has not raised a sufficient basis to avoid the binding provisions of this contract and the terms of the contract are enforceable against Plaintiff; thus, it is

ORDERED AND ADJUDGED that the Motion for Summary Judgment is GRANTED. Defendant's motion to strike is DENIED, as moot. This case is closed.