SCHWARTZ, Senior Judge.
 

 Although Ms. Morrissette timely brought this action on May 21, 2007, for personal injuries suffered as a passenger on board the Norwegian Sun, “within one (1) year from the day when the injury ... occurred,” on June 4, 2006, as the ticket provided, she did so in the circuit court of Miami-Dade County, rather than, as the contract also required, “before the United States District Court for the Southern District of Florida.” For that reason, it was dismissed below. We affirm.
 
 See Leslie v. Carnival Corp.,
 
 22 So.3d 561 (Fla. 3d DCA 2008), on rehearing en banc, 22 So.3d 567 (Fla. 3d DCA 2009)
 

 Ms. Morrissette has lost nothing substantively by this decision because, on the authority of the equitable tolling principle applied in
 
 Booth v. Carnival Corp.,
 
 522 F.3d 1148 (11th Cir.2008),
 
 see Carnival Corp. v. Booth,
 
 946 So.2d 1112 (Fla. 3d DCA 2006), the federal District Court has denied Norwegian’s motion to dismiss her identical, “protective” action in that court, even though it was filed there on July 19, 2007, after the one year period had expired:
 

 The Eleventh Circuit in
 
 Booth
 
 held that, under nearly identical circumstances to the instant case, equitable tolling was appropriate:
 

 Booth initially timely filed suit in a state court of competent jurisdiction. Despite the state courts’ eventual ruling that venue was improper, which ruling resulted in dismissal, Booth in no way slept on his claims against Carnival. Even though Booth filed the instant federal suit after the contractual limitation period had run, Carnival was aware within the limitation period that Booth was actively pursuing his cause of action. The underlying policy of repose, reflected in the agreed-upon limitation period, and designed to assure fairness to Carnival, is not violated by equitable tolling in this case. To the contrary, the interests of justice are best served here ... by allowing the parties to resolve Booth’s claims on the merits.
 

 Id.
 
 at 1152.
 

 Morrissette v. Norwegian Cruise Line Ltd.,
 
 No. 07-21866, slip op. at 2 (S.D.Fla. July 23, 2009) (quoting
 
 Booth v. Carnival Corp.,
 
 522 F.3d 1148, 1152 (11th Cir.2008)).
 

 Affirmed.