[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 28, 2010
JOHN LEY
CLERK

No. 09-16519

D. C. Docket No. 09-20610-CV-JLK

AERO TECHNOLOGIES, LLC.,
a Florida Corporation,

Plaintiff-Appellant,

versus

LOCKTON COMPANIES INTERNATIONAL,
LIMITED,
an International Corporation,
LLOYDS OF LONDON,
an International Entity a.k.a. Society of Lloyd's,
a.k.a. Corporation of Lloyd's,
AEROCALIFORNIA, S.A. DE C.V.,
SEGUROS INBURSA, S.A., et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Florida

(December 28, 2010)

Before DUBINA, Chief Judge, BLACK, Circuit Judge, and GOLDBERG,[*] Judge.

PER CURIAM:

Aero Technologies, LLC, ("Aero Tech") appeals from the district court's order dismissing its claims against Lockton Companies International Limited ("Lockton") for improper venue based on a forum selection clause contained in insurance policies to which neither Aero Tech, an alleged third party beneficiary, nor Lockton, the insurance broker, are parties. On Appeal, Aero Tech asserts two primary grounds for error: (1) the forum selection clause is inapplicable to its claims against Lockton; and (2) Lockton waived venue by failing to raise the forum selection clause issue in its initial Rule 12 motion. Lockton responds by arguing that extraordinary circumstances exist such that it was appropriate for the district court to consider venue *sua sponte*. Lockton also argues alternatively that the district court may be affirmed under the "right for the wrong reasons" doctrine.

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we conclude that the district court erred in dismissing Lockton based on improper venue because Lockton failed to raise the venue issue in its initial Rule 12 motion.

[*]Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting by designation.

Federal Rule of Civil Procedure 12(h)(1) states that some Rule 12 defenses are waived by failing to raise them in the initial Rule 12 motion, including improper venue: "a party waives any defenses listed in Rule 12(b)(2)–(5) by . . . omitting it from a motion in the circumstances described in Rule 12(g)(2)." This circuit has long recognized that "venue is a personal privilege to be raised by motion and the privilege may be waived." *Harris Corp. v. Nat'l Iranian Radio & Television*, 691 F.2d 1344, 1349 (11th Cir. 1982). We have further recognized that for strategic reasons, and otherwise, defendants often waive their defense of improper venue. *See Booth v. Carnival Corp.*, 522 F.3d 1148, 1153 (11th Cir. 2008)("defendants can, and often do, waive their defenses of improper venue"). Our circuit has never recognized extraordinary circumstances as grounds for overlooking a defendant's waiver of venue and we decline to do so here. *See Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988) ("*In the absence of a waiver*, a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue."). (emphasis added) .

This court has made clear that parties have the right to elect to defend an action where it is brought. *See Booth*, 522 F.3d at 1153. Lockton made a

purposeful election not to pursue the improper venue defense. Having found no case law to support Lockton's claim that a court may step in and negate a defendant's decision to waive venue, we reverse the district court's *sua sponte* dismissal of Aero Tech's claims against Lockton for improper venue and remand this case for further proceedings consistent with this opinion.

**REVERSED and REMANDED.**