[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10664
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cv-01830-LSC

VERONICA EDWARDS HARRIS,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(October 1, 2015)

Before JULIE CARNES, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Veronica Harris, proceeding *pro se*, appeals the district court's dismissal of her Federal Tort Claims Act ("FTCA") claim, 28 U.S.C. §§ 1346(b)(1), 2671–80. The district court concluded that her complaint was untimely and that she had failed to present facts demonstrating the extraordinary circumstances required to support equitable tolling.  After careful consideration, we affirm.

I.

Ms. Harris, a veteran, alleges that while receiving care at the Birmingham, Alabama Veterans Affairs ("VA") Medical Center in September 1999, her physical therapist inappropriately touched her breasts.  She alleges that in 1999 or 2000 she reported the incident to her VA mental health provider, who failed to investigate her complaint.  She further alleges that in July 2001 she reported the inappropriate touching to the VA's patient advocate, who also failed to investigate her complaint.

In June 2013, Ms. Harris filed an administrative tort claim with the VA based on the September 1999 incident and the VA's subsequent failure to investigate.  The VA denied Ms. Harris's claim as time-barred and, in the alternative, because there was no evidence of a negligent or wrongful act by a VA employee.  Shortly thereafter, Ms. Harris filed her FTCA claim in district court.  In her complaint, Ms. Harris asserted tort claims under the FTCA arising out of three distinct events:  (1) the physical therapist's improper touching in September 1999;

2

(2) her VA mental health provider's failure to investigate the inappropriate touching after she reported it in 1999 or 2000; and (3) the VA patient advocate's failure to investigate the inappropriate touching after she reported it in 2001.

The United States moved to dismiss Ms. Harris's FTCA complaint as time-barred. The magistrate judge issued a report and recommendation that the government's motion be granted. The magistrate judge treated Ms. Harris's complaint as alleging only a single tort based on her physical therapist's improper touching and apparently overlooked that she alleged two additional torts based on her mental healthcare provider's and the patient advocate's failure to investigate her complaints. The magistrate judge concluded that because Ms. Harris had waited more than two years after the improper touching to present her claim to the VA, the court lacked subject matter jurisdiction, and her FTCA claim was time-barred. Even if the FTCA's time bar was not jurisdictional and could be equitably tolled, the magistrate judge concluded Ms. Harris failed to allege facts sufficient to establish equitable tolling.

Ms. Harris objected to the report and recommendation. She submitted additional evidence with her objection, including an affidavit, a copy of the administrative tort claim she filed with the VA in 2013, correspondence she received from the VA in 2013 and 2014, and her medical records from 2012 through 2014. In the affidavit, Ms. Harris testified that after the improper touching

3

and the VA's failure to investigate her complaints about the touching, she suffered from a dissociative disorder and "insanity" and only during therapy sessions in 2013 did she begin to understand what had happened to her.

The district court adopted the magistrate judge's report and recommendation and dismissed Ms. Harris's complaint with prejudice. The district court's order makes clear that it considered "all the materials in the court file," which would include the evidence that Ms. Harris submitted with her objection. Order at 2 (Doc. 15-1). This appeal followed.

## II.

Under the FTCA, a tort claim against the United States is barred if (1) it is not presented to the "appropriate Federal agency within two years after such claim accrues" and (2) if an action is not filed within six months after the agency mailed notice of final denial of the claim. 28 U.S.C. § 2401(b). Because Ms. Harris failed to present her claim to the VA within two years after it accrued, the district court dismissed her complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). While this appeal was pending, the Supreme Court made clear that the time bars in the FTCA "are nonjurisdictional and subject to equitable tolling." *United States v. Wong*, 135 S. Ct. 1625, 1638 (2015). Thus, we will treat the motion to dismiss based on the time bar in § 2401 as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), not 12(b)(1). *See*

4

*Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 254 (2010) (explaining that lower court erroneously dismissed complaint under Rule 12(b)(1) instead of Rule 12(b)(6) but concluding remand was unnecessary since "a remand would only require a new Rule 12(b) label for the same Rule 12(b)(1) conclusion"); *United States ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 (11th Cir. 2015) (reviewing motion to dismiss under Rule 12(b)(6) because defense was not jurisdictional, even though district court had considered the motion to dismiss as raising a subject matter jurisdiction defense under Rule 12(b)(1)).

"We review *de novo* the district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting the complaint's allegations as true and construing them in the light most favorable to the plaintiff." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012) (internal quotation marks omitted). "For purposes of Rule 12(b)(6) review, . . . a court generally may not look beyond the pleadings." *Osheroff*, 776 F.3d at 811. Additionally, "the question of whether equitable tolling applies is a legal one subject to *de novo* review." *Booth v. Carnival Corp.*, 522 F.3d 1148, 1149 (11th Cir. 2008).[1]

---

[1] Our prior cases have reviewed district court decisions about whether equitable tolling applies under both abuse of discretion and *de novo* standards of review. *Compare Arce v. Garcia*, 434 F.3d 1254, 1260 (11th Cir. 2006) (applying abuse of discretion standard of review) *and Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998) (noting "discretion" of district courts to apply equitable tolling) *with Booth*, 522 F.3d at 1149 (applying *de novo* standard of review) *and Miranda v. B&B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1531 (11th Cir. 1992) ("The question of whether or not equitable tolling applies is a legal one and thus is subject to *de novo* review . . . .").

III.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  The FTCA waives sovereign immunity and is the exclusive remedy against the United States for tort claims for money damages that allege personal injury caused by the negligent or wrongful act or omission of an employee of the government while acting within the scope of his employment.  *See* 28 U.S.C. §§ 1346(b), 2679; *United States v. Smith*, 499 U.S. 160, 173, (1991).

A tort claim under the FTCA is "forever barred" unless it is "presented in writing to the appropriate Federal agency within two years after such claim accrues."  28 U.S.C. § 2401(b).  An FTCA claim generally "accrues at the time of injury." *Diaz v. United States*, 165 F.3d 1337, 1339 (11th Cir. 1999).  A medical malpractice claim accrues "when the plaintiff knows of both the injury and its cause." *Id.*  Applying these standards, we conclude that Ms. Harris's claim based on the inappropriate touching accrued at the time of her injury in September 1999.  Because she failed to file an administrative tort claim with the VA by September 2001, her claim is time-barred.  Ms. Harris's tort claims based on the VA's failure

---

When our prior panel decisions conflict, we are bound to follow the oldest one. *See United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir.1998) (en banc) ("It is the firmly established rule of this Circuit that each succeeding panel is bound by the holding of the first panel to address an issue of law, unless and until that holding is overruled en banc, or by the Supreme Court." (internal quotation marks omitted)). Accordingly, we are bound to follow our decision in *Miranda* and review whether equitable tolling applies under a *de novo* standard.

to investigate the reports she made between 1999 and 2001 about the inappropriate touching accrued either at the time she made the reports or shortly thereafter when the VA took no action.  We need not decide the exact date that these claims accrued because it is clear that more than two years had passed by the time Ms. Harris filed her administrative tort claim in June 2013 and that these claims are time-barred.

We now must consider whether the FTCA's time bar should be equitably tolled.  The FTCA's time bar is subject to equitable tolling, *Wong*, 135 S. Ct. at 1638; however, equitable tolling is appropriate only "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam).  "The plaintiff bears the burden of showing that such extraordinary circumstances exist."  *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006).  Because equitable tolling is an extraordinary remedy, it "should be extended only sparingly."  *Id.* (internal quotation marks omitted).  We have rejected arguments that *pro se* status or ignorance of the law justifies equitable tolling.  *Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 970 (11th Cir. 1997).  Moreover, a plaintiff's mental incapacity justifies equitable tolling only when there is a connection between the mental incapacity and the delay in filing.  *Lawrence v. Florida*, 421 F.3d 1221, 1226–27 (11th Cir. 2005).  And a mere assertion that a

plaintiff has suffered from a mental impairment is insufficient to justify equitable tolling. *Id.*

Ms. Harris argues that she is entitled to equitable tolling because she suffered from a dissociative disorder and until 2013 had repressed her memories of the incident and the VA's failure to investigate. In her opening brief, Ms. Harris details the mental health treatment that she received from 1998 through the present. But much of her argument is based on new evidence that she never presented to the district court. *See* Appellant's Br. at 6-11. In the district court, Ms. Harris submitted voluminous records about mental health treatment she received after July 2012 but made only limited allegations about her mental health prior to 2012. Although Ms. Harris is *pro se*, "issues not raised below are normally deemed waived." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Thus, we will consider only the allegations about Ms. Harris's mental condition that she presented in the district court. Ms. Harris's arguments based on the new evidence of her mental health treatments prior to July 2012 are waived.

In the district court, Ms. Harris made only general allegations about her mental health in the period from 1999 through 2013 to justify equitable tolling. She asserted that she had a dissociative personality disorder; suffered from "insanity" during this period; was diagnosed with post-traumatic stress disorder, depression, and depressive disorder; and that until therapy sessions in 2013 she

8

failed to understand what had happened to her with regard to the inappropriate touching and the VA's failure to investigate her reports. Although she argues that because of her mental health problems she was unaware of the inappropriate touching until 2013, she alleged in her complaint that she reported the inappropriate touching to her mental health care provider in 1999 or 2000 and to the VA patient advocate in 2001.

We conclude that Ms. Harris's generalized allegations about the state of her mental health from 1999 until 2013 are insufficient to carry her burden of showing the extraordinary circumstances required to warrant equitable tolling of the FTCA's time bar. To justify equitable tolling, she would have to show that extraordinary circumstances existed throughout the period. While we recognize that mental incapacity can warrant equitable tolling, given the sparse allegations in this case about Ms. Harris's mental health during the period from 1999 through 2013 and how or why it caused the delay in filing, we are compelled to conclude that the statute of limitations should not be equitably tolled. *See Arce*, 434 F.3d at 1261; *Lawrence*, 421 F.3d at 1226–27.

Ms. Harris also argues that the Protection and Advocacy for Mentally Ill Individuals Act ("PAMII"), 42 U.S.C. §§ 10801–51, help her establish equitable tolling by imposing a duty on the VA to investigate her claims. We decline to address this new argument raised for the first time on appeal, which the district

court never had a chance to consider.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).[2]

IV.

For the reasons set forth above, the district court's order granting the motion to dismiss is AFFIRMED.

**AFFIRMED.**

---

[2] Even if we were to consider Ms. Harris's untimely argument, she still has failed to carry her burden to show that equitable tolling applied.  Congress intended for PAMII to "ensure that the rights of individuals with mental illness are protected" by assisting states with establishing and operating a system to protect and advocate for individuals with mental illness.  42 U.S.C. § 10801(b).  We fail to see how PAMII could provide a basis for equitable tolling here given that her allegations about her mental health are insufficient to establish the extraordinary circumstances required for equitable tolling.