[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 2, 2010
JOHN LEY
CLERK

No. 10-11456
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cv-23144-PAS

SYLVIA CRIST,

Plaintiff-Appellant,

versus

CARNIVAL CORPORATION, a Panamanian Company,
a.k.a. Carnival Cruise Lines,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 2, 2010)

Before BARKETT, HULL and COX, Circuit Judges.

PER CURIAM:

Sylvia Crist ("Crist") sued Carnival Corporation for negligence, alleging that

it maintained an unsafe staircase that caused her trip-and-fall injuries while she was

a passenger on Carnival's cruise ship. Crist appeals following the district court's grant of Carnival's motion for summary judgment. The district court granted Carnival's motion because the suit was filed after the expiration of the one-year contractual limitation period found in Crist's cruise ticket. In so ruling, the district court rejected Crist's argument that the limitation period should be equitably tolled based on the prior filing of an action in Florida state court. Crist contends that the district court erred in concluding that equitable tolling does not apply to the facts of this case. We affirm.

"The question of whether or not equitable tolling applies is a legal one and thus is subject to de novo review, but we are bound by the trial court's factual findings unless they are clearly erroneous." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1531 (11th Cir. 1992).[1]

---

[1] The parties disagree as to the standard of review in this case. Crist argues that equitable tolling claims are reviewed de novo. *See Booth v. Carnival Corp.*, 522 F.3d 1148, 1149 (11th Cir. 2008) ("With the understanding that '[t]he question of whether equitable tolling applies is a legal one subject to de novo review,' we now affirm the district court's ruling.") (citation omitted); *Cabello v. Fernández-Larios*, 402 F.3d 1148, 1153 (11th Cir. 2005) ("The question of whether equitable tolling applies is a legal one subject to de novo review. We are, however, bound by the trial court's findings of fact unless they are clearly erroneous.") (citation omitted); *B & B Cash Grocery Store, Inc.*, 975 F.2d at 1531 (cited above in text); *Bailey v. Carnival Cruise Lines, Inc.*, 774 F.2d 1577, 1578 (11th Cir. 1985) (stating that standard of review for claims of equitable tolling is "plenary").

Carnival argues that equitable tolling claims are reviewed for abuse of discretion. *See Arce v. Garcia*, 434 F.3d 1254, 1260 (11th Cir. 2006) (stating that abuse of discretion is the standard of review for equitable tolling claims); *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998) (noting "discretion" of district courts to apply equitable tolling).

Where prior panel decisions conflict, we are bound to follow the oldest one. *See United*

This negligence action is based upon a trip-and-fall accident that occurred while Crist was a passenger on a Carnival cruise in the Western Caribbean. Crist's cruise ticket from Carnival contains several provisions that govern her right to sue the company. The ticket requires that Crist give written notice of any claims within 135 days of her injury. In addition, the ticket establishes a one-year limitation period within which any suit must be commenced. Finally, the ticket contains a forum selection clause, which specifies that the United States District Court for the Southern District of Florida shall serve as the appropriate venue, assuming that the court has subject matter jurisdiction. In situations where the District Court for the Southern District of Florida lacks subject matter jurisdiction, the ticket identifies the state courts in Miami-Dade County, Florida, as the appropriate alternative forum.[2]

---

*States v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998) (en banc) ("It is the firmly established rule of this Circuit that each succeeding panel is bound by the holding of the first panel to address an issue of law, unless and until that holding is overruled en banc, or by the Supreme Court.") (internal quotation marks and citation omitted). Accordingly, we are bound to follow our decision in *Bailey v. Carnival Cruise Lines, Inc.*, 774 F.2d 1577, 1578 (11th Cir. 1985), and apply a plenary or de novo standard of review to the question of whether equitable tolling applies.

[2] The forum selection clause states:

> Except as provided in . . . [an arbitration clause that does not apply to personal injury claims], it is agreed by and between the Guest and Carnival that all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise, including travel to and from the vessel, shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami, or as to those lawsuits to which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Miami-Dade County, Florida, U.S.A. to the exclusion of

More than eight months after Crist's injury, her attorney wrote to Carnival requesting insurance information. Enclosed with the letter was a copy of Crist's ticket, which included the federal forum selection clause and one-year limitation period. Carnival responded to Crist's attorney two weeks later; its letter expressly reserved all rights contained in the ticket contract, including the forum selection clause. The letter also explicitly stated that "Carnival will not waive its contractual defense if a lawsuit is filed in the wrong court." (R.41 at 23.)

Despite having clear notice of the forum selection clause requiring any action to be filed in federal court, Crist filed an action in the state courts of Miami-Dade County on October 15, 2008, nine days before the running of the one-year contractual limitation period. Carnival moved to dismiss the state suit for improper venue based on the ticket's federal forum selection clause. The motion remained pending when briefs on this appeal were filed.

On November 12, 2008, while the state case was pending but after the one-year contractual limitation period had run, Crist filed a second action against Carnival in the United States District Court for the Southern District of Florida. In its answer, Carnival asserted that the action was precluded based on the limitations and

the Courts of any other county, state or country.
(R.39-2 at 20.)

4

conditions contained in the ticket, including the one-year time limitation for the filing of actions against Carnival. Also, in the joint scheduling report, Carnival indicated the pending issue of "[w]hether the Plaintiff's filing of suit is time barred and violative of the forum selection provisions of the Plaintiff's ticket/contract for passage." (R.7 at ¶ C(f).) The federal case proceeded to discovery, and, after eleven months, Carnival filed a motion for summary judgment based on the one-year contractual limitation in the ticket contract. The district court granted Carnival's motion, ruling that the contractual limitation period was not subject to equitable tolling. Crist appeals.

While neither party has raised the issue of whether the district court had subject matter jurisdiction over this case, we are obliged to address the issue sua sponte. *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985).[3] Apparently seeking to invoke the district court's diversity jurisdiction, the Complaint alleges that Carnival is a Panamanian corporation with its principal place of business in Florida, and that Crist is a "resident" of Florida. These allegations do not establish diversity jurisdiction. The allegation that Crist is a "resident" of Florida is insufficient for diversity jurisdiction purposes because residency is not the equivalent

---

[3] We note that both parties have failed to provide a jurisdictional statement in their briefs stating the basis for the district court's subject matter jurisdiction. *See* Fed. R. App. P. 28(a)(4)(A).

of citizenship. *Cong. of Racial Equal. v. Clemmons*, 323 F.2d 54, 58 (5th Cir. 1963) ("Diversity of citizenship, not of residence, is required under 28 U.S.C.A § 1332. Wherever jurisdiction is predicated upon the citizenship (or alienage) of the parties, it should be noted that since residence is not the equivalent of citizenship, an allegation that a party is a resident of a certain state or foreign country is not a sufficient allegation of his citizenship." (quotation and citation omitted)).

Even looking past the deficient citizenship allegation, the face of the Complaint fails to show the parties are diverse. Carnival, as a foreign corporation with its alleged principal place of business in Florida, is a citizen for diversity jurisdiction purposes of the country where it is chartered and of the state where it has its principal place of business.[4] So, the Complaint does not establish diversity of citizenship jurisdiction, even if we assume that Crist is a citizen of Florida.

Even if the parties are not diverse, however, the district court has jurisdiction over admiralty actions such as this one. 28 U.S.C. § 1333. This negligence case is clearly within the admiralty jurisdiction of the district courts, as it involves a trip-and-fall injury that occurred while Crist was a passenger onboard Carnival's ship. *See*

---

[4] *See Jerguson v. Blue Dot Inv., Inc.*, 659 F.2d 31, 35 (11th Cir. 1981) ("We therefore hold that a foreign corporation is a citizen for diversity jurisdiction purposes of a state where it has its principal place of business."); *JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 91-92, 122 S. Ct. 2054, 2057 (2002) (citing *Steamship Co. v. Tugman*, 106 U.S. 118, 1 S. Ct. 58 (1882)) ("A 'corporation of a foreign State is, for purposes of jurisdiction in the courts of the United States, to be deemed, constructively, a citizen or subject of such State.'").

*Anderson v. United States*, 317 F.3d 1235, 1237 (11th Cir. 2003) (stating that a party seeking to invoke federal admiralty jurisdiction over a tort claim must satisfy conditions both of location and of connection with maritime activity). Because admiralty jurisdiction is present, and not disputed by Crist, the district court had subject matter jurisdiction in this case. In addition, because admiralty jurisdiction is present, the forum selection clause required Crist to file any action against Carnival in federal court. She did not do so, and thus the question in this appeal is whether the contractual limitation period should be tolled based on Crist's filing in state court.

Equitable tolling may be justified if a plaintiff timely files a technically defective pleading, but in all other respects acts with the proper diligence that the limitation period is intended to insure. *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993). However, "[t]he Supreme Court has made clear that tolling is an extraordinary remedy which should be extended only sparingly." *Id.* (citing *Irwin v. Veterans Admin.*, 498 U.S. 89, 96, 111 S. Ct. 453, 457-58 (1990)).

Crist relies on *Booth v. Carnival Corp.*, 522 F.3d 1148 (11th Cir. 2008), to support her contention that she is entitled to equitable tolling of the contractual limitations period. In *Booth*, the decedent, a Carnival cruise ship passenger at the time of the accident, died while embarking on a scuba excursion with the assistance of Carnival and one of its agents. *Id.* at 1149. The decedent's cruise ticket contained

7

the same federal forum selection clause and one-year contractual limitation period that is at issue in this case. *Id.* Despite the federal forum selection clause, the plaintiff, as representative of the decedent's estate, filed a wrongful death action in state court before the expiration of the one-year contractual limitation period.[5] *Id.* After the limitation period expired, the plaintiff filed an identical action in federal court. *Id.* at 1149-50. We held that the federal district court did not err in equitably tolling the one-year contractual limitation period based on the filing of the state-court action. *Id.* at 1153.

In so holding, we first noted "our circuit's well-settled principle that filing in a court without competent jurisdiction does not toll the statute of limitation." *Id.* at 1152. The state court in *Booth* had subject matter jurisdiction over the plaintiff's claim (although venue was improper), and Carnival did not argue otherwise on appeal. *Id.* at 1149 n.1, 1151 n.4. We also recognized that, because Carnival was aware within the one-year limitation period that the plaintiff was actively pursuing his cause of action, "[t]he underlying policy of repose, reflected in the agreed-upon limitation period, and designed to assure fairness to Carnival, [was] not violated by equitable tolling in [the] case." *Id.* at 1152. We finally recognized that prior to the

_____

[5] Carnival also informs us that the same lawyer who filed Crist's state law complaint also filed the state law complaint in *Booth*.

8

plaintiff's filing in state court, Carnival did not clearly indicate that it would be asserting its venue defense. *Id.* at 1151. We noted that "because venue objections can be waived (and often are), a plaintiff may fail to file in federal court 'not because he was disinterested, but solely because he felt that his state action was sufficient.'" *Id.* (citing *Burnett v. New York Cent. R.R. Co.*, 380 U.S. 424, 429, 85 S. Ct. 1050, 1055 (1965)). Accordingly, we concluded that the plaintiff was "entitled to believe that his state filing might be sufficient given the fact that defendants can, and often do, waive their defense of improper venue." *Id.* at 1153.

We begin our analysis by noting, as the district court did, some of the similarities between this case and *Booth*. Like *Booth*, the parties agree that the state court has subject matter jurisdiction over Crist's claims, even though venue is improper. And, as in *Booth*, Carnival was aware within the one-year limitation period that Crist was actively pursuing her cause of action, so the policy of repose arguably would not be violated by equitable tolling.

Despite these similarities, *Booth* is distinguishable from this case in an important respect and does not support equitably tolling the contractual limitation period in this case. In *Booth*, when the plaintiff sent Carnival a letter indicating an intent to file suit in Miami, Carnival issued a letter acknowledging receipt of the correspondence without reserving its contractual right to a federal forum. *See Booth*

*v. Carnival Corp.*, 510 F. Supp. 2d 985, 987 (S.D. Fla. 2007).[6] Further, in *Booth*, the venue and contractual-limitation defenses were asserted well after the limitations period expired. Based on these facts, we found that the plaintiff reasonably believed that Carnival had waived its venue defense because Carnival did not raise it in any correspondence with the plaintiff or in the initial state court pleading before the limitations period expired. *Booth*, 522 F.3d at 1152-53.

Unlike in *Booth*, Carnival expressly informed Crist that all lawsuits must be filed in federal court, and that its rights contained in the ticket contract, including the forum selection clause, would not be waived. Carnival did this before the contractual limitations period expired. Therefore, unlike the plaintiff in *Booth*, Crist was *not* "entitled to believe that [her] state filing might be sufficient given the fact that defendants can, and often do, waive their defense of improper venue." *Id.* at 1153.[7]

Perhaps because Crist had clear knowledge of Carnival's intent to assert its venue defense, Crist does not use Carnival's potential waiver to explain her failure

---

[6] We implicitly recognized this fact in our opinion when we determined that the plaintiff reasonably could have concluded that Carnival waived its venue defense. *See Booth*, 522 F.3d at 1152-53.

[7] Carnival's clarity in informing Crist that it would not waive its venue defense also distinguishes this case from *Burnett*, 380 U.S. 424, 85 S. Ct. 1050 (1965), which we discussed in *Booth*. In *Burnett*, the plaintiff filed in the wrong court because defendant railroads, including the defendant in that case, had previously waived objections to venue. *Id.* 429-30, 85 S. Ct. at 1055.

to file in the proper court. Instead, Crist maintains that she knew of the federal forum selection clause but mistakenly thought the federal court did not have federal subject matter jurisdiction. And this mistake, Crist argues, entitles her to equitable tolling of the contractual limitation period.

To the extent Crist suggests that *Booth* stands for the proposition that equitable tolling is appropriate any time the plaintiff timely files a complaint in the wrong court, we disagree. "[A] generally diligent plaintiff who files late because of his own negligence typically may not invoke equity to avoid the statute of limitations. 'Principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Justice*, 6 F.3d at 1479-80 (citing *Irwin*, 498 U.S. at 96, 111 S. Ct. at 458). On the facts of this case, mistaken belief that the federal court lacked subject matter jurisdiction was a "garden variety claim of excusable neglect." The district court did not err in concluding that this mistake does not entitle Crist to equitable tolling.

We conclude by noting that the forum selection clause in this case would lose much of its meaning if a plaintiff could, on these facts, circumvent it without consequence. To equitably toll the contractual limitation period in this case would defeat a primary benefit of the clause. As the Supreme Court noted in upholding the validity of Carnival's forum selection clause, "a clause establishing *ex ante* the forum

11

for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions." *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 593-94, 111 S. Ct. 1522, 1527 (1991). The benefits of a certain forum and the conservation of judicial resources that justify applying the clause would effectively be eliminated if a plaintiff could use equitable tolling to excuse what is simply garden-variety negligence.

AFFIRMED.