Frank PSURNY, Jr., Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD., Defendant.

Case No. 12–CV–24324–UU.

United States District Court, S.D. Florida.

Feb. 25, 2013.

Sean Michael Cleary, Sean M. Cleary Law Offices, Miami, FL, for Plaintiff.

Leah H. Martinez, Royal Caribbean Cruises Ltd., Miami, FL, for Defendant.

### AMENDED ORDER ON MOTION TO DISMISS AND/OR FOR FINAL SUMMARY JUDGMENT [1]

URSULA UNGARO, District Judge.

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss and/or for Final Summary Judgment. D.E. 6.

THE COURT has reviewed Defendant's Motion, the pertinent portions of the record, and is otherwise fully advised on the premise.

### I. MOTION FOR SUMMARY JUDGMENT

Defendant Royal Caribbean Cruises, Ltd. ("Royal Caribbean" or "Defendant") brings the instant motion for the case to be dismissed or, alternatively, for summary judgment on the basis that Plaintiff filed the present case after the contractual limitations period had expired. D.E. 6. In response, Plaintiff Frank Psurny Jr. ("Mr. Psurny" or "Plaintiff") does not object to Royal Caribbean's request that the motion be considered as a motion for summary judgment and submits an affidavit and exhibits, none of which were appended to his complaint, to support his position that the present case should not be dismissed either under Federal Rule of Civil Procedure Rule 12(b)(6) or Rule 56. D.E. 8. In his response, Plaintiff also concedes that he did not commence the federal action within the contractual limitations period, but contends that equitable tolling applies to the circumstances of this case and therefore Royal Caribbean's motion should be denied. *Id.* In its reply, Royal Caribbean argues that equitable tolling is not applicable to the facts of the present case, and thus the instant motion should be granted.

The Court will view this motion as a motion for summary judgment in order to consider the affidavits submitted by each party. Fed. R. Civ. Pr. 12(d) (A motion to dismiss must be treated as one for summary judgment if matters outside the pleadings are presented and not excluded by the court). Because it is undisputed that Plaintiff did not commence the present action within the contractual limitations period, the sole question before the Court on summary judgment is whether Royal Caribbean has shown that equitable tolling does not apply to the undisputed material facts of this case. Because the Court finds that there is no genuine issue of material fact as to whether equitable tolling applies in this case, Royal Caribbean's motion is granted for the reasons stated herein.

### II. UNDISPUTED MATERIAL FACTS

The following facts are undisputed by the parties: Frank Psurny and his wife

---

**1.** The Court vacated its original order on summary judgment, D.E. 15, because the or-der contained a typographical error.

("Mrs. Psurny") were passengers on Defendant's cruise ship, the *Monarch of the Seas* ("the *Monarch*") on October 13, 2011, when Mr. Psurny allegedly slipped and fell on a wet floor, injuring his hip, as he was attempting to use a handicapped bathroom onboard the *Monarch*. D.E. 8–1. Following the alleged accident, the ship's medical crew treated Mr. Psurny. *Id.* Plaintiff remained in the Monarch's infirmary overnight, and, according to an affidavit submitted by Mrs. Psurny, explained to several of the ship's doctors and nurses that he fell as a result of the wet floor. *Id.* Mrs. Psurny further attests that the *Monarch's* crew investigated the site of the reported injury. *Id.*

The Psurnys' tickets included several provisions that controlled their right to bring a personal injury action against Royal Caribbean. Relevant to the instant motion, the ticket contained a forum selection clause, which provided that, except under certain circumstances not present here, all disputes arising from the passenger's cruise "shall be litigated, if at all, in and before the United States District Court of Florida." D.E. 6–1. The ticket also required that a passenger seeking to bring a personal injury suit must submit a written notice of his or her claim to Royal Caribbean "at its principal office" within six months of the injury and commence suit against Royal Caribbean within one year of the injury. *Id.* The first paragraph of the contract, which was written in bold, capital letters, advised the passenger to pay "particular attention" to these two provisions since they "limit [Royal Caribbean's] liability and your right to sue." *Id.*

After the Psurnys returned to their home in Florida, Plaintiff was allegedly diagnosed with a broken hip. D.E. 8–1. Mrs. Psurny further testifies that around November 2011, she called Royal Caribbean because, due to her husband's injury,

she wanted to reschedule three upcoming cruises that she and her husband had scheduled with Defendant. *Id.* Mrs. Psurny attests that she spoke on the telephone with at least two Royal Caribbean officials and informed them that her husband had been diagnosed with a hip fracture since disembarking from the *Monarch*. *Id.* Mrs. Psurny further recalls that either she or her husband's doctor sent a record of Plaintiff's current diagnosis to Royal Caribbean. *Id.* Eventually, in January 2012, Mrs. Psurny spoke with Ernest Garcia ("Garcia") from Royal Caribbean's Guest Relations Department. *Id.* Mrs. Psurny claims that she expressed to Garcia her concerns about the presence of wet floors onboard Defendant's cruise liners, in light of her husband's accident on the *Monarch*. *Id.* After speaking with Mrs. Psurny, Garcia sent her a letter, dated January 12, 2012, in which were enclosed certificates that the Psurnys' could use for future cruises in exchange for the cruises that they had earlier scheduled. *Id.* Garcia also thanked Mrs. Psurny for affording him "the opportunity to discuss and respond to the concerns that [she] brought to [Royal Caribbean]'s attention." *Id.*

After the correspondence from Garcia, the record does not show that there was any communication between the Psurnys and Royal Caribbean for several months. The Psurnys concede that they did not submit a written claim to Royal Caribbean describing the particulars of his alleged injury, either before or after the six-month deadline for submitting the notice of claim. D.E. 8. Notwithstanding the Psurnys' failure to provide such notice, on October 10, 2012, three days prior to the expiration of the one-year limitations period, Mr. Psurny filed suit against Royal Caribbean in state court (the "state action"). D.E. 6. On November 14, 2012, Royal Caribbean filed a motion to dismiss the state action based on the forum selection clause. D.E. 6. On

December 6, 2012, nearly two months after the contractual limitations period had expired, Mr. Psurny filed the present action in federal court. D.E. 1.

## III. LEGAL STANDARD

Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In making this assessment, the Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir.1997), and "must resolve all reasonable doubts about the facts in favor of the non movant." *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am.*, 894 F.2d 1555, 1558 (11th Cir.1990).

"By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248, 106 S.Ct. 2505. Likewise, a dispute about a material fact is a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

"For factual issues to be considered genuine, they must have a real basis in the record ... mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir.2005) (citations omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. 2548. In those cases, there is no genuine issue of material fact "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323, 106 S.Ct. 2548.

## IV. DISCUSSION

Equitable tolling refers to the doctrine that permits a court to toll a statute of limitations where the court finds that an inequitable event has prevented plaintiff's timely action. *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir.1993). Examples of inequitable events include cases where the defendant misleads the plaintiff into allowing the statutory period of lapse, where plaintiff has no reasonable way of discovering the wrong perpetrated against him or her, or where plaintiff timely files a technically defective pleading, but in all other respects acts with the proper dili-

gence that the limitation period is intended to insure. *Id.* However, "[t]he Supreme Court has made clear that tolling is an extraordinary remedy which should be extended only sparingly." *Id.* (citing *Irwin v. Veterans Admin.*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)), and is unavailable to a plaintiff who exhibits a lack of diligence. *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence"). The Eleventh Circuit has also provided that a plaintiff is not entitled to equitable tolling where he or she does not bring suit in a timely fashion despite knowing or being in a position reasonably to know that the limitations period is running. *Justice*, 6 F.3d at 1479. Furthermore, the burden is on the plaintiff to show that equitable tolling is warranted. *Id.*

Two Eleventh Circuit cases address equitable tolling in the cruise line context: *Booth v. Carnival Corp.*, 522 F.3d 1148 (11th Cir.2008) and *Crist v. Carnival Corp.*, 410 Fed.Appx. 197 (11th Cir.2010), an unpublished decision, which this Court considers as non-binding but persuasive authority.[2] In *Booth*, the Court of Appeals considered the following facts, set forth in the district court's decision. Plaintiff sent a timely notice of claim letter to defendant, indicating plaintiff's intent to file suit in Miami.[3] *Booth v. Carnival*, 510 F.Supp.2d 985, 988 (S.D.Fla.2007). In response, defendant issued a letter acknowledging

plaintiff's notice of claim. *Id.* Nineteen days before the expiration of the limitations period, plaintiff filed suit in state court. *Id.* Plaintiff served defendant the day after filing the state action, meaning that defendant's answer was due seven days after the expiration of the limitations period. *Id.* Prior to the answer deadline and the expiration of the limitations period, defendant moved for an extension to respond to plaintiff's complaint. *Id.* Eventually, although nearly two months after the expiration of the limitations period, defendant asserted the improper venue defense for the first time. *Id.* Approximately two months later, plaintiff filed an identical suit in federal court, and defendant moved to dismiss the case as untimely under the contractual limitations period. On these facts, the Eleventh Circuit found that equitable tolling of the limitations period was appropriate because "Booth was entitled to believe that his state filing might be sufficient given that defendants can, and often do, waive their defense of improper venue." *Booth*, 522 F.3d at 1153.

In *Crist*, the Eleventh Circuit considered whether equitable tolling was appropriate in the following circumstance. Approximately three months prior to the expiration of the contractual limitations period, plaintiff's attorney wrote defendant requesting insurance information. *Crist*, 410 Fed.Appx at 199. When responding to this inquiry two weeks later, defendant explicitly informed plaintiff that defendant would "not waive its con-

---

**2.** *See* 11th Cir. Federal Rule of Appellate Procedure Rule 36–2.

**3.** In its opinion, the Eleventh Circuit noted only that plaintiff gave defendant timely written notice, without stating that plaintiff also represented in the notice of claim that he intended to file suit in Miami. *Booth*, 522 F.3d at 1149. However, the district court noted that plaintiff asserted as much in the

notice. *Booth*, 510 F.Supp.2d at 988 (S.D.Fla.2007). The district court opinion did not state if plaintiff's notice also specified whether plaintiff planned to file suit in a state or federal court in Miami, and the appellate opinion in *Booth* did not indicate that the lack of specificity as to where plaintiff planned to file suit was in any way relevant to the appellate court's equitable tolling analysis.

tractual defense if a lawsuit is filed in the wrong court." *Id.* at 200. Believing, erroneously, that the federal court did not have subject-matter jurisdiction, plaintiff filed suit in state court nine days before the running of the limitations period. *Id.* at 200; 202. Defendant moved to dismiss the state action on venue grounds. *Id.* at 200. On November 12, 2008, after the limitations period had expired, plaintiff filed an identical federal action and defendant raised the limitations period as an affirmative defense in its answer to the federal complaint. *Id.* Later, defendant moved for summary judgment on the grounds that the case was time-barred. On these facts, the Court of Appeals held that equitable tolling was inappropriate because the untimely filing of the federal action in *Crist* was due to "garden variety" negligence on the part of plaintiff's counsel. *Id.* at 203.

The present facts are more akin to *Crist* than *Booth.* In *Crist,* plaintiff's late filing could be traced solely to plaintiff's disregard of the cruise line's notice that it would strictly enforce the venue provision and plaintiff's counsel's misunderstanding of the law concerning jurisdiction and venue; without any fault that could be attributed to Carnival, equitable tolling was inapplicable. In *Booth,* at least part of the fault for plaintiff's late filing in federal court was Carnival's failure to assert improper venue within the limitations period, which would have given Booth the opportunity to make a timely federal filing. As in the *Crist* case, the Court is unable to trace any fault or inequitable conduct on Royal Caribbean's part to Plaintiff's decision not to pursue relief in the federal forum on a timely basis.

## V. CONCLUSION

Accordingly, it is hereby ORDERED AND ADJUDGED that Defendant's Mo-

tion is GRANTED. The Court will separately issue an order of final judgment.

